**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ESSEX ELECTRO ENGINEERS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-348 C |
| | ) | (Judge E. Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME AND DEFENDANT'S MOTION FOR A RULE 16 SCHEDULING ORDER PRECLUDING DISCOVERY UNTIL FILING OF JPSR**

Defendant respectfully requests that this Court grant defendant an enlargement of time of 60 days, to and including October 2, 2007, within which to respond to plaintiff's complaint. Defendant's response currently is due on August 3, 2007. This is defendant's first request for an enlargement of time for this purpose. Pursuant to Rule 16(a) of the Rules of the Court of Federal Claims ("RCFC"), defendant also respectfully requests this Court to enter an order that defendant need not respond to discovery requests improperly served by plaintiff and to preclude plaintiff from serving any further requests on the United States until the filing of the JPSR in this case. Plaintiff opposes the instant motion.

## I. FACTUAL BACKGROUND

Plaintiff Essex Electro Engineers, Inc. ("Essex") filed its complaint in the above-captioned case on June 4, 2007. The case was not assigned to the under-signed counsel of record until June 15, 2007, the date upon which an appearance was entered on behalf of the United States. The Department of the Air Force assigned agency counsel to this case on June 20, 2007.

On July 10, 2007 – and prior to the required meet-and-confer pursuant to RCFC Appendix A ¶ 3 – Essex served defendant, via e-mail, with plaintiff's First Set of Interrogatories and Requests for Production of Documents. On July 11, 2007, the United States promptly contacted Mr. Charles E. Raley, counsel for Essex, and informed him that his client's discovery requests were premature in light of the Rules of this Court. Indeed, we indicated that defendant would not view the aforementioned requests as being served until after the JPSR was filed. Moreover, we indicated that Essex's discovery requests were improvident because the Government was in the process of trying to determine whether it indeed owed plaintiff the sums sought in its complaint (or whether the Government should answer or respond to plaintiff's complaint in some other fashion).

Thereafter, also on July 11, 2007, Mr. Raley sent a confirmatory e-mail, in which he "agree[d] to await the final JPSR before Defendant is required to answer Plaintiff's pending Interrogatories and Requests[,]" although he did not concur with our view of the Rules. Mr. Raley also acknowledged the Government's good-faith efforts to determine whether it owed plaintiff the damages claimed in its complaint, commenting that "[h]opefully, the Government can propose a method of resolving the rather straightforward issues in the case without the expenditure of additional time and effort."

On July 19, 2007, the United States, via a letter to Mr. Raley, sought to understand the legal basis for Essex's claim in more detail. In particular, we asked Essex to identify "the <u>precise</u> statutory, regulatory, or contractual <u>language</u> upon which Essex relies to claim that [Prompt Payment Act] interest began to accrue after seven days following the invoice [for a contract settlement]." We further noted that "[t]he government's intent [was] to determine what

amount, if any, is owed to Essex and to avoid further litigation if possible." Essex responded that same day, but failed to address our specific request in sufficient detail.

On July 23, 2007, the Government again wrote Essex, via a letter to Mr. Raley, explaining the Government's preliminary legal assessment in detail. Indeed, we provided Mr. Raley with a discussion of several regulatory provisions and a Federal Circuit case and requested, once again, that Essex respond. In particular, we indicated that Essex had "yet to identify, and we have yet to locate, any authority for the proposition that the Government was obligated to pay Essex's invoice within seven days" – the primary point of dispute in this case.

On July 24, 2007, the Government received Essex's e-mail response (sent July 23, 2007). In that response, Essex purported to "withdraw any offer that the Plaintiff would allow additional time for the Defendant to answer the Complaint or the initial Interrogatories and Requests for the Production of Documents." Essex also indicated that it "expect[ed] the Complaint to be answered on time and that the pending discovery will be answered timely" and that he does "not agree that the Fed.Cl. Rules, Appendix A, Section III, provides the Government with any automatic extension to the required due date(s) for discovery responses." Finally, plaintiff indicated that we "will receive [Essex's] draft JPSR this week" and that Essex "expect[s] an immediate response so the Court may be informed of our proposed schedule(s)."

## II. ARGUMENT

Our motion for an enlargement of time is necessary because additional time is required to enable counsel for the agency sufficient time to provide us with a complete litigation report in this matter. We rely upon agency counsel to prepare a litigation report pursuant to 28 U.S.C. § 520 concerning the case so that we may properly respond to actions filed against the United States. Agency counsel's duties and responsibilities in preparing the litigation report are very

time consuming, as she or he must investigate the allegations made, interview witnesses, and analyze the complaint.

In that regard, this case presents a number of logistical challenges. First, although plaintiff's complaint primarily seeks Prompt Payment Act interest for an allegedly delayed settlement payment, plaintiff's complaint includes a number of allegations related to the underlying contract itself. That contract originally was awarded in 1994 at McClellan Air Force Base ("AFB"), California. That base has since closed and the contract case files transferred to Robins AFB, Georgia. After the parties settled their contract dispute, and payment was rendered to Essex, the contract files were boxed up and put into storage. At present, agency counsel has been able to retrieve only those contract documents available in electronic format. However, the entire contract file is not available in such format. As such, agency counsel likely will have to schedule travel to Robins AFB to pull the contract file boxes from storage and review the contract file in its entirety. To make matters more complicated, agency counsel may have to track down files not transferred to Robins AFB.

Second, the contracting officer who negotiated the aforementioned settlement has since retired. Although the new contracting officer has been helpful, his knowledge of plaintiff's allegations in this case is very limited.

Third, there are two Government agencies involved in this case: the Air Force (i.e., the Robins AFB contracting office) and the Defense Finance and Accounting Service ("DFAS"). Investigating plaintiff's allegations is taking longer than expected in part because agency counsel must coordinate with these two agencies to retrieve records and to have her questions answered. Often, personnel at the two agencies must themselves discuss matters in order to answer accurately agency counsel's inquiries.

Once agency counsel prepares a litigation report, we must review it and respond to plaintiff's complaint accordingly. As a result, additional time is needed so that counsel may adequately respond to plaintiff's complaint.

For the foregoing reasons, defendant respectfully requests that the Court grant its motion for an enlargement of time of 60 days, to and including October 2, 2007, within which defendant must respond to the complaint.

We also respectfully request that the Court enter an order, pursuant to RCFC 16(a), precluding discovery until after the filing of the JPSR. First, we note that Rule 26 initial disclosures are not due until "14 days after the filing of the Joint Preliminary Status Report (see Appendix A ¶ 4) unless a different time is set by stipulation or court order." RCFC 26(a)(1)(E). Second, RCFC 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Appendix A ¶ 3." RCFC Appendix A ¶ 3, in turn, provides, in relevant part, that:

> [s]ubsequent to the filing of defendant's answer or, if applicable, a reply to a counterclaim, and, in any event, within sufficient time to permit the parties to file a Joint Preliminary Status Report in accordance with paragraph 4, below, plaintiff's counsel shall communicate with defense counsel, and counsel shall confer: (a) to initiate preparation of the Joint Preliminary Status Report pursuant to paragraphs 4–6; (b) to identify each party's factual and legal contentions; (c) to discuss each party's discovery needs and discovery schedule, including the initial disclosures required by RCFC 26(a)(1) and additional documents that are to be the subject of discovery . . . .

RCFC Appendix A ¶ 3 (emphasis added); see also RCFC 33(a) ("Without leave of court or written stipulation, interrogatories may not be served before the time specified in RCFC 26(d)."); RCFC 34(b) ("Without leave of court or written stipulation, a request may not be served before the time specified in RCFC 26(d).").

Defendant has not yet responded to plaintiff's complaint. As a result, the parties have not yet had, nor could they have had, the conference required by RCFC Appendix A ¶ 3. Moreover, this Court's Rules anticipate that discovery not begin until the filing of the JPSR, and after a schedule for such purpose has been set by the Court.

Accordingly, we respectfully request that this Court enter an order that defendant need not respond to the requests already improperly served and precluding plaintiff from serving any additional discovery requests on the United States.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

July 25, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of July 2007, I caused to be filed electronically the foregoing DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME AND DEFENDANT'S MOTION FOR A RULE 16 SCHEDULING ORDER PRECLUDING DISCOVERY UNTIL FILING OF JPSR with the United States Court of Federal Claims. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON