**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ESSEX ELECTRO ENGINEERS, INC., Plaintiff, | ) | |
| v. | ) | No. 07-348C [Judge E. Bruggink] |
| UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTIONS FOR AN ENLARGEMENT OF TIME AND A RULE 16 SCHEDULING ORDER**

Plaintiff does not necessarily oppose Defendant's request for an enlargement of time, but replies that any time extension must be reasonable and contingent upon sincere efforts to resolve this case or lead to a disposition without needless time and expense. Plaintiff submits that an enlargement of no more than thirty (30) days should be adequate. To this end, Plaintiff makes the following reply.

## I. Factual Background[1]

This Background is limited to addressing the irrelevancies and inaccuracies in Defendant's Motions, pages 1 through 3.

(a) Defendant's inability for 16 days from June 4 through 20, 2007, to organize counsel to address this matter is irrelevant to any alleged merit for its Motions.

(b) From July 10 through 24, 2007, counsel for the parties conferred[2] by e-mail and

---

1/ Copies of all communications between the parties' counsel will be provided as may be needed by the Court.

2/ A meeting, as contemplated by RCFC App. A ¶3, was not reasonable in that the counsel were separated by approximately 600 miles.

telephone [July 10, 11 [twice], 19 [twice], 23, and 24, with a settlement possibility being expressed by the parties' counsel until Defendant's last communication on July 24, 2007. It should be noted that on July 11 and 19, Plaintiff's counsel indicated a willingness to allow additional time for Defendant to answer the Complaint and Plaintiff's pending Interrogatories and document production Requests based on the belief that the subject of this case should be able to be settled in that time. At Defendant's counsel's request on July 19, 2007, Plaintiff's counsel provided a detailed identification of facts, statutes and federal regulations that Plaintiff believed established its right to prevail.

(c) On July 23, 2007, Defendant's counsel sent an e-mail to Plaintiff's counsel arguing that Defendant did not agree with Plaintiff's position and, provided case citations and argument that Defendant "believed" that there was no "authority for the proposition that the Government was obligated to pay Essex."

(d) Accordingly, on July 24, 2007, since Defendant had ended any settlement possibility, Plaintiff's counsel withdrew the offer of additional time for Defendant to answer the Complaint or the pending Interrogatories and document production Requests. Plaintiff's counsel also advised that a proposed Joint Preliminary Status Report ["JPSR"] would be sent to Defendant's counsel that week.

(e) On July 26, 2007, Plaintiff's counsel provided Defendant's counsel with the proposed JPSR.

## II. Defendant's Argument

At its essence, Defendant's counsel argues that it cannot organize its defense even to the extent of providing an answer to the Complaint until October 2, 2007 [120 days after

service of the Complaint] and that Plaintiff cannot start discovery until after Defendant's answer is filed and it eventually addresses the JPSR.

(a) For its argument that it cannot organize its defense within a reasonable time, Defendant asserts that it has "logistical challenges" because the Complaint refers to facts relating to the "underlying contract", that the Defendant moved the contract files from one base [McClellan AFB] to another base [Robins AFB],[3] that files were placed in storage,[4] and that contracting officers left, retired, or, otherwise, disappeared, so that the current contracting officer has "limited" knowledge.

(1) It is readily apparent from the Complaint, ¶¶ 6 through 20, the contractual facts concern only background that is documented in the Contract and its Modifications. If Defendant wishes to challenge this background, then it would also be challenging the claim settlement negotiated on May 18, 2006.

(2) All of the directly pertinent facts occurred from May 18, 2006, the date of the settlement agreement between the parties, through May 17, 2007, the date that the Defendant disavowed any responsibility for the amounts sought in the Complaint. All of these facts are fully documented in communications between Plaintiff and Defendant and, considering that the amounts sought in the Complaint were repeatedly asserted for the one year period until May 17, 2007, Defendant's contention that it needs more time is disingenuous,

---

3/ This move occurred in 2000 due to a BRAC closing of McClellan AFB.

4/ No date is known for Defendant's storage action, but it is surprising in light of the open matters here.

at best.

(3) Defendant's counsel argues that discovery should be precluded until after the JPSR is filed. This novel theory seems to be based on the timing of "initial disclosures" [Rule 26(a)(1)] and the filing of the JPSR [RCFC App. A, ¶4]. First, **without leave of court**, a party may serve interrogatories and requests for the production of documents with answers required within 30 days. [RCFC 33 & 34]. Second, notwithstanding the Defendant's arguments, "initial disclosures" are totally independent from discovery requests [RCFC 26(a)(1)]. It is true that discovery responses are precluded until the parties confer [RCFC 26(d)], but the parties here have conferred many times, but on July 23, 2007, Defendant's counsel cut off any further discussion after having obtained a detailed presentation of the Plaintiff's position.[5]

(4) Here, discovery responses would be due August 10, 2007 [thirty (30) days after service], which is seven (7) days after the Answer to the Complaint is now due. In the event of an enlargement of time for Defendant, then the logical sequence of discovery would make Defendant's discovery responses still due seven (7) days after Defendant's Answer to the Complaint would then be due.

## III. Conclusion

There is certainly nothing unusual about the Defendant seeking extensive delays

---

5/ These discussions have included information, at least from Plaintiff, on the topics contemplated by RCFC App. A ¶ 3, as well as initial disclosures in RCFC 26(a)(1).

to proceeding with litigation. It seems to be a common occurrence in cases before this Court.

Here, there is no reason for delay. The amounts sought are not substantial, the essential facts are confined to a limited time period since May 18, 2006, and the issues are clearly defined. It is also significant that every day that passes interest is accruing on whatever amount may be due the Plaintiff. Economy and practicality requires that this case proceed on an expedited basis.

Whatever the Court decides as to the date for Defendant's Answer to the Complaint and the Defendant's response to Plaintiff's pending discovery, Plaintiff prays that the Court consider the limited facts, issues, and arguments that may validly be asserted to detract from the Plaintiff's rights asserted here.

Respectfully submitted,

s/Charles E. Raley
Charles E. Raley
Counsel for Essex Electro Engineers, Inc.

**Certificate of Service**

I hereby certify that, on this the day of July, 2007, I electronically served the foregoing Plaintiff's Reply to Defendant's Motions for an Enlargement of Time and a Rule 16 Scheduling Order. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Charles E. Raley
Charles E. Raley