IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ESSEX ELECTRO ENGINEERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-348C |
| v. | ) | (J. Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR PUBLICATION

Pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to reissue its opinion and order in this case, dated February 20, 2008, for publication by commercial reporting services, to facilitate public access to the opinion's discussion of several novel and significant legal issues.

The Court's analysis of the relationship between the settlement agreement at issue in this case and the Prompt Payment Act (PPA), 31 U.S.C. §§ 3901-3907, is particularly significant. Essex Electro Engineers, Inc. v. United States, No. 07-348C, slip op. at 9-12 (Fed. Cl. Feb. 20, 2008) ("[The] intentional use of imprecise language in the settlement agreement as to the payment date is, we believe, fundamentally inconsistent with the underlying assumption of the PPA."). As the Court is aware, there are no other published decisions located by the parties addressing the effect of settlement agreement language on the availability of PPA interest penalties. Contracting officers throughout the Government – not to mention contractors themselves – clearly would benefit by understanding how settlement agreements must be worded either to avoid paying PPA interest or to obtain such interest, assuming arguendo that the PPA applies to settlement payments. See Declaration of B. Miller at ¶ 6 (attached as Exhibit A).

Second, as far as we are aware, this is the Court's first decision that specifically addresses the PPA's "accelerated payment methods" codified at 5 C.F.R. § 1315.5 and FAR 32.903. Essex, slip op. at 11-12. In that regard, this decision would put contractors on notice that an agency must specifically permit accelerated payments in the settlement agreement, or otherwise authorize such payments, in order for PPA interest to accrue prior to the usually applicable 30 day payment deadline for proper invoices.

Finally, the Court's decision in this case is important because it confirms that a generally worded claim release will bar a contractor's claim for PPA interest – again, assuming that the PPA applies – to the extent the PPA claim "seeks interest on the same principal amount agreed upon to resolve the underlying CDA claim." Essex, slip op. at 13.

Publication is appropriate when a decision "adds significantly to the body of law." Seligson v. OPM, 878 F.2d 369, 370 (Fed. Cir. 1989) (also referring to "legal opinions that really matter"). This Court's recent order and opinion meets that standard. Indeed, there is at least one other case currently pending before this Court involving a claim for PPA interest on a settlement agreement. See Sarang Corp. v. United States, Fed. Cl. 06-506C. To accurately reflect the development of the case law in this area, and to give other litigants, potential litigants, and judges the benefit of the guidance in the decision in this case, it is appropriate that the Court's recent opinion in this case join the other few decisions regarding the PPA in the Court of Federal Claims Reporter, and in the databases of the services that distribute the Court's decisions electronically.

For these reasons, we respectfully request the Court to reissue its February 20, 2008 opinion and order as a published decision.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

February 22, 2008

Attorneys for Defendant

# EXHIBIT A

In the United States Court of Federal Claims

No. 07-348C

******************************************
ESSEX ELECTRO ENGINEERS, INC.,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*
******************************************

DECLARATION IN SUPPORT OF MOTION TO PUBLISH OPINION

1. My name is Mr. Brantley G. Miller and I am a contracting officer (CO) at Robins Air Force Base, Georgia. I am the successor contracting officer who replaced Ms. Martha Hargis upon her retirement.

2. Ms. Hargis was the previous CO who was instrumental in settling Essex's claim for unabsorbed overhead due to Government-caused delay under contract number F04606-94-D-0401.

3. On 17 July 2006, After negotiating with Essex's counsel, Ms. Hargis issued Contract Modification P00007, which had the effect of authorizing the funds for contract settlement. The contract provided that "payment should me made as soon as possible."

4. The settlement agreement also stated the contractor released the Government from any and all liability under this contract for further equitable adjustments or claims attributable to the facts or circumstances giving rise to the claim.

5. The CO included the "as soon as possible" language, as well as the release of liability language (paras. 3 and 4, *infra*) intentionally. The rationale is that although contracting officers can authorize payment, they cannot issue payment. Invoices, as well as settlement agreements, that are submitted to Air Force contracting officers are processed and paid by the Defense and Finance Accounting Service (DFAS). Contracting officers have no

control whatsoever over the manner and timeliness of how and when DFAS issues payment.

6. I have had a chance to review and reflect upon the unpublished opinion in this case. It would benefit the contracting officer community greatly if this opinion were to be published. Prior to this opinion, there has not been a lot of case law or guidance regarding the applicability of interest under the Prompt Payment Act (PPA) with regard to settlement agreements. Again, this case would serve as good guidance for contracting officers, as well as contractors, in the future.

Respectfully Submitted on this 21st day of February, 2008.

Brantley G. Miller

Brantley G. Miller
Contracting Officer, Robins Air Force Base, Georgia